**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**CLEVELAND BILLER,**

    **Petitioner,**

**v.**                                                **Civil Action No. 3:08CV6**
                                                        **(Judge Bailey)**

**WAYNE PHILLIPS,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of Magistrate John S. Kaull [Doc. No. 5], dated January 9, 2008, and the petitioner's Objections [Doc. No. 7] thereto filed on January 22, 2008. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation that the petitioner objected. The remaining portions of the report and recommendation to which petitioner did not object will be reviewed for clear error. The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be, and hereby is, **ORDERED ADOPTED**.

Upon consideration, the Magistrate Judge found that the petitioner's claim was not

yet ripe, as the BOP has yet to conduct the petitioner's CCC referral. As such, the Magistrate Judge recommends that the petition be dismissed without prejudice. In response, petitioner objects that dismissal on ripeness grounds is not warranted because the 11 to 13 month time frame for CCC recommendations merely represents normal BOP procedure, and therefore, does not prohibit a CCC recommendation from being performed outside of the three month window.

The Court finds petitioner's objection to be misplaced. While it is no doubt true that a policy providing for the BOP to normally conduct an inmates' CCC recommendation 11 to 13 month prior to his release date would allow for a CCC recommendation to be performed outside of the identified time frame, it does not follow that the petitioner's recommendation should be conducted in this manner.

As properly noted by the Magistrate Judge, Article III of the United States Constitution limits the exercise of judicial power to those cases and controversies that can properly be considered ripe. **See Nat'l Park Hospitality Ass'n v. Dep't of Interrior**, 538 U.S. 803, 807 (2003). As such, courts should refuse to exercise jurisdiction where a case is dependant upon "uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." **Metzenbaum v. Fed. Energy Regulatory Comm'n**, 675 F.2d 1282, 1289-90 (C.A.D.C. 1982) (citations omitted). In expounding this doctrine, the United States Supreme Court has indicated that "[t]he problem is best seen in a two fold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." **Abbott Laboratories v. Gardner**, 387 U.S. 136, 148-49 (1967). In this case, the petitioner is free to resubmit his petition after the BOP has made its decision on CCC confinement, but this

Court concurs with the Report and Recommendation in finding that the petition is not yet ripe for adjudication.

For the foregoing reasons and for the reasons stated in Magistrate Judge Kaull's Report and Recommendation [Doc. No. 5], the Court **ORDERS** that:

1. the **Report and Recommendation** is hereby **ADOPTED**; and that

2. the petitioner's § 2241 petition is hereby **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED.**

The Clerk is directed to transmit a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED:** June 30, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE